ST. PAUL FIRE AND MARINE IN-
SURANCE COMPANY, Plaintiff—
Counter Defendant–Appellee,

v.

"K" LINE AMERICA, INC., De-
fendant-Counter Claimant–
Appellant.

No. 02–55978.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 2003.

Decided Oct. 31, 2003.

Jess B. Millikan, Esq., Samuel H. Ruby, Bullivant, Houser & Bailey, San Francisco, CA, for Plaintiff–counter–defendant–Appellee.

Erich P. Wise, Flynn, Delich & Wise, Long Beach, CA, John P. Meade, Esq., Preston, MD, for Defendant–counter–claimant–Appellant.

* Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

Before: RYMER and TALLMAN, Circuit Judges, and LEIGHTON,* District Judge.

## MEMORANDUM **

"K" Line America, Inc. ("KAM") appeals from the district court's order granting summary judgment in favor of St. Paul Fire and Marine Insurance Company ("St. Paul"). We affirm.

### I

This Court reviews an order granting summary judgment de novo. *Cort v. St. Paul Fire & Marine Ins. Cos., Inc.*, 311 F.3d 979, 982–83 (9th Cir.2002). Because this is a diversity action, this Court applies the substantive law of California. *Id.* at 983.

### II

St. Paul issued a claims-made insurance policy to KAM in 1992. St. Paul thereafter renewed the policy, usually on an annual basis. The last such renewal covered the period January 1, 1998 through January 1, 1999. The policy provides coverage for:

claims or suits brought against the Insured during the policy period provided that the Insured had no knowledge or could not have reasonable [sic] foreseen that such negligent act, error, or omission whenever occurring could be the basis of a claim or suit, at the time this policy took effect.

The policy requires KAM to provide St. Paul with notice of any "alleged negligent act, error, or omission."

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Beginning in 1995, and continuing throughout 1996 and 1997, KAM received increasingly specific information about its potential liability for alleged negligent conduct in 1995 and 1996. KAM concedes that it did not provide notice of this potential liability until 1998.

St. Paul thereafter commenced a declaratory judgment action seeking a declaration that it did not have any obligation to indemnify KAM with respect to its alleged negligence in 1995 and 1996. The district court agreed and granted St. Paul's motion for summary judgment.

Specifically, the district court concluded that each renewal created a new policy. As such, KAM did not have coverage under the 1998 renewal because KAM knew of the potential for liability arising out of its earlier conduct at the time the 1998 renewal took effect.

### III

KAM contends on appeal that one policy existed from 1992 through 1998—without regard to the number of intervening renewals—and that the language "at the time this policy took effect" refers to 1992 and not 1998. From this, KAM concludes that coverage exists under the policy because it did not know in 1992—"at the time this policy took effect"—about its subsequent alleged negligence in 1995 and 1996.

The district court correctly concluded that the renewal of an existing insurance policy creates a new policy of insurance for purposes of notice and coverage. A renewal constitutes a "separate and distinct contract for the period of time covered by the renewal...." *A.B.S. Clothing Collection, Inc. v. Home Ins. Co.*, 34 Cal.App. 4th 1470, 41 Cal.Rptr.2d 166 (1995). At the time the 1998 renewal took effect, KAM knew about the potential liability arising out of its alleged negligence in 1995 and 1996. KAM's pre-existing knowledge of

this potential liability precludes coverage under the express terms of the policy.

**AFFIRMED.**